IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN TREIBER, | ) |
| | ) No. 1:16-cv-52 |
| Petitioner, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| JOHN E. WETZEL, et al., | ) |
| | ) |
| Respondents, | ) |

**<u>MEMORANDUM</u>**

On September 4, 2025, the Court issued an opinion and final judgment order denying state prisoner Stephen Treiber's petition for a writ of habeas corpus, granting a certificate of appealability only as to Claim IV(c), and closing this case. Pending before the Court is Treiber's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 112).

The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The Court of Appeals has explained:

> Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted)[.]

*Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (first bracketed text added by the Court of Appeals).

Treiber does not assert any intervening change in the controlling law or the availability of previously unavailable evidence. Thus, to receive relief from the final order issued in this case he

must show a "clear error of law or fact" or the need to prevent a "manifest injustice." None of the arguments that Treiber makes in his motion shows either of those things. His arguments are either reassertions of that which he previously asserted and which the Court considered and rejected, or are new arguments that he makes to this Court for the first time. It is well established, however, that a movant who fails in the first attempt to persuade a court to adopt his position may not use a subsequent Rule 59(e) motion in order to rehash arguments already made and rejected or to raise new arguments that he previously failed to raise when the matter at issue was being decided. *Blystone*, 664 F.3d at 415-16; *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).

Accordingly, the Court will deny Treiber's Rule 59(e) motion. And, to the extent a certificate of appealability is required, the Court will deny one because reasonable jurists would not find the Court's disposition of the motion debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: October 10 , 2025

cc: All counsel of record